# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GEOFFREY SCARINCI, JR.

### DEFENDANTS
CLIENT SERVICES INC.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   St. Charles County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Michael P. Forbes, PC
200 Eagle Rd, Suite 220
Wayne, PA 19087

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 O.S.C. SECTIONS 1692-1692p

Brief description of cause:
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                      DOCKET NUMBER

DATE
05/15/2014

SIGNATURE OF ATTORNEY OF RECORD
MPF8441/S/MICHAEL P. FORBES

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Geoffrey Scarinci, Jr. : CIVIL ACTION
v. :
Client Services, Inc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

5/15/14         Michael P. Forbes         Plaintiff
**Date**         **Attorney-at-law**         **Attorney for**

610.293.9399    610.293.9388    Michael@mpforbeslaw.com
**Telephone**         **FAX Number**         **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 12527 Fedor Rd., Philadelphia, PA 19154

Address of Defendant: 3451 Harry S. Truman Blvd., St. Charles, MO 63301

Place of Accident, Incident or Transaction: Philadelphia County
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Michael P. Forbes, Esq., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/15/14    MPF8441/s/Michael P. Forbes    55767
                 Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/15/14    MPF 8441/s/ Michael P. Forbes    55767
                 Attorney-at-Law                   Attorney I.D.#

CIV. 609 (5/2012)

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | | |
|---|---|---|
| GEOFFREY SCARINCI, JR. | ) | |
|     Plaintiff | ) | COMPLAINT |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CLIENT SERVICES, INC. | ) | |
|     Defendant | ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action arises out of illegal acts and omissions of the above-named Defendant, who used false, deceptive, misleading, unfair, abusive, and oppressive practices and means in conjunction with attempts to collect an alleged debt or debts and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 ("FCEUA"), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL"). Plaintiff seeks actual damages, statutory damages, treble damages, costs, and attorney's fees.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 et seq (hereinafter "FCEUA"), Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, et seq (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides within this district.

### III. PARTIES

4. Plaintiff Geoffrey Scarinci, Jr. ("Plaintiff") is a natural person residing in Philadelphia, PA and, who was allegedly obligated to pay a debt ("the debt") that is the subject of this case that was primarily for family, personal or household purposes, in this case, a credit card, was a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and FCEUA, 73 P.S. § 2270.3 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

5. Defendant, Client Services, Inc., ("CSI" or "Defendant"), is, upon information and belief, a corporation with an address of 3451 Harry S. Truman Blvd. St. Charles, Mo. 63301. Defendant transacted business in the Eastern District of Pennsylvania, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3 and, at all times relevant herein, acted by and through its owners, managers, officer, shareholders, attorneys, authorized representatives, partners, employees, agents and/or workmen.

6. Defendant, at all times relevant hereto, was a person who used an instrumentality of interstate commerce or the mails in a business, the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### IV. FACTUAL ALLEGATIONS

7. On or about March 26, 2014, Plaintiff's father received a telephone message from Defendant regarding a debt allegedly owed by Plaintiff. The message explicitly identified the Defendant and disclosed information regarding the alleged debt and the collection of the debt and was heard by Plaintiff's father.

8. On the date of Defendant's phone call to Plaintiff's father, Plaintiff did not reside with his father nor did he use or ever use his father's telephone number for any of his accounts.

9. There were no subsequent communications with Plaintiff including a Notice under 15 U.S.C. § 1692g.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et. seq.

10. Plaintiff incorporates by reference paragraph 1 through 9 of this Complaint as though fully set forth herein.

11. Defendant's actions as aforestated are violations of the FDCPA as follows:

   (a) Defendant violated 15 U.S.C. § 1692b(1) by calling a third party and failing to state that the collector is confirming or correcting location information;

   (b) Defendant violated 15 U.S.C. § 1692b(2) by calling a third party and stating that the consumer owed a debt;

   (c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in violation of;

   (d) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt.

   (e) Defendant violated 15 U.S.C. § 1692g by not sending a validation letter within five (5) days of the initial communication.

12. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

13. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

17. As a result of each of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Geoffrey Scarinci, Jr., prays that judgment be entered against Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

18. Plaintiff incorporates by reference paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. 201-1 et. seq. ("FCEU"). Defendant is a debt collector pursuant to 73 Pa.C.S. § 2270.3.

20. The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa.C.S. § 2270.3.

21. Violation of the FDCPA is a per se violation of the FCEUA.

22. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Geoffrey Scarinci, Jr., prays that judgment be entered against Defendant for the following:

(1) An Order declaring that Defendant violated the FCEU;

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

### COUNT III

### VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW

### ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

23. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

24. Plaintiff and Defendant are "Person(s)" pursuant to 73 Pa. C.S §201-2.

25. The UTCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" wither at, prior to, or subsequent to a consumer transaction.

26. The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTCPL, by way of the following, inter alia:

    a. Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding pursuant to 73 Pa. C.S §201-2(xxi).

    b. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

27. As a direct and proximate result of Defendant's actions as aforestated, Plaintiff has suffered financial damages and harm.

28. By virtue of the Defendant's violations of law as aforestated, and pursuant to the FCEUA and UTCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Geoffrey Scarinci, Jr., prays that judgment be entered against Defendant for the following:

    (1) An Order declaring that Defendant violated the UTCPL

    (2) Actual damages;

    (3) Treble damages;

    (4) Reasonable attorney's fees and costs;

    (5) Such other and further relief that the Court deems just and proper.

## VI. TRIAL BY JURY

29. Plaintiff incorporates by reference paragraph 1 through 30 of this Complaint as though fully set forth herein.

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com